UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23148-CV-WILLIAMS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

PHILIP ESFORMES, *et al.*,

    *Defendant.*
_____/

### DEFENDANT'S MOTION TO COMPEL EXCULPATORY AND IMPEACHING INFORMATION PRIOR TO INJUNCTION HEARING AND INCORPORATED MEMORANDUM OF LAW

The Defendant, PHILLIP ESFORMES, through undersigned counsel, respectfully moves this Court, pursuant to Rules 16 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment, *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio*, 405 U.S. 150 (1972), and for an order compelling the production of the following exculpatory and/or impeaching information prior to any final hearing on the preliminary injunction:

1. All evidence in the government's possession supporting or which could support the allegations made by the government in *Government's Appeal and Motion To Extend Stay of Execution of Release Order and For Revocation of Release Order*, *United States v. Guillermo and Gabriel Delgado*, Case No. 14-20359–Cr-Martinez(s) (S.D. Fla.) (DE15:5), that the Delgados had (a) concealed and/or misrepresented their assets to Pretrial Services (b) "attempted to obstruct justice on at least 12 separate occasions" by trying to "coach" witnesses using "code words"; and (c) been using "someone else's phone to conceal [Guillermo Delgado's] identity." DE15: 4, 9.

2. All evidence in the government's possession supporting the allegation made in an FBI 302 report dated **September 18, 2015**, that after Morales was arrested, Gabriel Delgado ***"deleted many of his own***

*emails*" (emphasis added). The government should also be ordered to produce copies of the deleted emails.

3. All evidence in the government's possession supporting or which could support the allegations made in a Report of Interview, dated **December 16, 2015**, in which the government learned that Guillermo Delgado, Nelson Salazar and Tom Rebullo obstructed justice:

> DELGADO meet [sic] with [Jesus] BENETIZ after the indictment *to get rid of everything*. SALAZAR had also *gotten rid of everything regarding NURSING UNLIMITED*. When MORALES got arrested *DELGADO and MORALES destroyed documents. Delgado also destroyed the DVR for the cameras in his home with a sledge hammer* after DELGADO was arrested. *DELGADO also threw out documents.... Judge Tom Rebullo would help the DELGADO's cover up the fraud scheme in Morales Pharmacy*.

(Emphasis added.)

4. Evidence in the Government's possession supporting the allegations made in a Report of Interview, dated **December 21, 2015**, in which the Government stated:

> When MORALES got arrested *DELGADO and MORALES destroyed documents. Delgado also destroyed the DVR for the cameras in his home with a sledge hammer* after DELGADO was arrested. *DELGADO also threw out documents*.... Judge Tom Rebullo would help the DELGADO's cover up the fraud scheme in Morales Pharmacy.

5. All evidence in the government's possession supporting the allegation made in an FBI 302 report dated **March 21, 2016**, that after Morales was arrested, Guillermo Delgado "destroyed evidence documenting patient referrals from [RODOLFO] DUMENIGO and printouts with other doctor's referrals."

In support of these requests, the Defendants submit the following:

1. The Court has scheduled an evidentiary hearing on the government's motion for a preliminary injunction for April 27, 2017.

2. To date, the government has not disclosed the aforementioned material, the disclosure of which would obviously be required under *Brady* and *Giglio*.

3. Although the Supreme Court has not decided whether *Brady* requires a prosecutor to turn over exculpatory material in a civil case, *see Goldberg v. United States*, 425 U.S. 94, 98 n. 3 (1976) (leaving this question open), numerous courts have required the government to comply with the due process-based *Brady* principles in civil cases. *See, e.g., Sperry & Hutchinson Co. v. FTC*, 256 F. Supp. 136, 142 (S.D.N.Y.1966) ("Presumably the essentials of due process at the administrative level require [*Brady*] disclosures by the agency where consistent with the public interest" and that in civil actions, as well as in criminal actions, "the ultimate objective is not that the Government 'shall win a case, but that justice be done'"); *EEOC v. Los Alamos Constructors, Inc.*, 382 F. Supp. 137, 1383 n. 5 (D.N.M.1974) (holing that *Brady* "orders that exculpatory evidence must be furnished a defendant in a criminal case. A defendant in a civil case brought by the Government should be afforded no less due process of law").

4. To be sure, some lower courts have held that *Brady* and its progeny do not generally apply in civil cases, either because the government is only seeking monetary damages rather than imprisonment and/or because discovery in civil cases is much more extensive than in criminal cases and, therefore, would presumably include the requested material anyway. *See*, *e.g., United States v. Sierra Pacific Industries*, 100 F. Supp. 3d 948, 958-59 (E.D. Cal. 2015); *SEC v. Pentagon Capital Managements PLC*, No. 08 Civ. 3324, 2010 WL 4608681 (S.D.N.Y. Nov. 12, 2010); *U.S. ex rel.*

*(Redacted) v. (Redacted)*, 209 F.R.D. 475, 482 (D. Utah 2001). However, 18 U.S.C. §1345 provides that discovery issues shall be "govered by the Federal Rules of Criminal Procedure."[1]

5.     Morever, this civil proceeding is linked at the hip with a parallel criminal case. *See United States v. Fang*, 937 F. Supp. 1186, 1197 n. 11 and 1202 (D. Md. 1996) (court expects that criminal trial will follow any injunction entered pursuant to section 1345, otherwise it "would be virtually impossible to justify and would undoubtedly invite serious constitutional challenge."). Case law construing the government's *Brad*y obligations in the context of parallel civil-criminal cases holds that *Brady* applies in the civil component of the parallel investigation. *See United States v. Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012) ("For *Brady* purposes, it is enough that the agencies are engaged in joint fact-gathering, even if they are making separate investigatory or charging decisions, because the purposes of *Brady* is to apprise the defendant of exculpatory evidence obtained during the fact-gathering that might not otherwise be available to the defendant."), distinguishing *SEC v. Pentagon*. Moreover, this civil case is based on the allegations of criminal conduct at issue in the parallel criminal case. In *Demjanjuk v. Opetrovsky*, 10 F.3d 338, 354 (6th Cir. 1993), the Sixth Circuit found that *Brady* was applicable (and violated) in a denaturalization

---

[1] Section 1345(b) provides:

> The court shall proceed as soon as practicable to the hearing and determination of such an action, and may, at any time before final determination, enter such a restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought. A proceeding under this section is governed by the Federal Rules of Civil Procedure, ***except that, if an indictment has been returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure***.

(Emphasis added.)

proceeding which was "based *on proof of alleged criminal activities* of the party proceeded against." 10 F.3d at 353 (emphasis added). *Cf. United States v. Gecas*, 120 F.3d 1419, 1466 n. 51 (11th Cir. 1997) (en banc) (Birch, Anderson, Dubina, Barkett, JJ., dissenting) (construing *Demjanjuk* to mean that *Brady* should apply in deportation proceedings since its purposes "is to protect the integrity of the judicial system by restraining overjealous prosecution").[2]

6. Finally, the existence of the parallel criminal case means that the prosecutors and agents in this case already have a constitutional duty to produce *Brady* and *Giglio* material to Mr. Esformes at some point. The only relevant issue, therefore, is when. The government is required to produce *Brady* and *Giglio* material  that material in enough time to make effective use of it.[3] That time is now – before, not after, this Court decides whether to extend the protective order through the end of his criminal case.

---

[2] The issue in *Gecas* was whether the alien could invoke a Fifth Amendment privilege to resist a subpoena based on his fear of prosecution in foreign countries, not whether *Brady* applied). The majority opinion did not address the *Brady* issue. Nor have counsel found any case in this jurisdiction which has done so.

[3] *See, e.g., United States v. Gil*, 297 F.3d 93, 105-106 (2nd Cir. 2002) (reversing conviction for *Brady* violation, finding that the government "suppressed" an exculpatory memorandum by not producing it until a few days before trial, because at that point "the defense was not in a position to read it, identify its usefulness, and use it"); *Leka v. Portuondo*. 257 F.3d 89, 101 (2nd Cir. 2001) (reversing murder conviction for *Brady* violation, holding that the government "suppressed" the evidence by delaying disclosure until nine days before opening statements, recognizing that "[w]hen such a disclosure is first made on the eve of trial, or when trial is under way, the opportunity to use it may be impaired"); *Germain v. United States*., No. 03 CV 8006 (CM) (S.D.N.Y.  May 11, 2004), *2004 U.S. Dist. LEXIS 9784, at \*\*29-34* (government "suppressed" exculpatory grand jury transcripts by delaying disclosure until the eve of trial). *See also United States v. Fernandez*, 136 F.3d 1434 (11th Cir. 1998) (remanding for evidentiary hearing over belated mid-trial disclosures by the media of CIA involvement in drug conspiracy). *See generally United States v Pollack*, 534 F.2d 964, 973 (D.C. Cir. l976) ("[d]isclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure").

WHEREFORE, the Court should order the government to disclose the requested information forthwith.

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 88.9

In a good faith effort to resolve the issues raised in the instant motion, undersigned conferred with AUSA Elliott who advised that the Government takes the position that the appropriate forum for adjudication of discovery issues is in the ongoing criminal action and not the civil action.

## CERTIFICATE OF SERVICE

On April 18, 2017, this pleading was filed via ECF and emailed to all counsel of record.

Respectfully submitted,

**CARLTON FIELDS**
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By:   s/Michael Pasano
    **MICHAEL PASANO**
    Florida Bar No. 0475947

**TACHE, BRONIS, CHRISTIONSON
 & DESCALZO, P.A.**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Tel: (305) 537-9565

By:   s/Marissel Descalzo
    **MARISSEL DESCALZO, ESQ.**
    Fla. Bar. No 669318

*Permanent Appearances for Philip Esformes*

        **BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
        201 South Biscayne Boulevard
        Suite 1300
        Miami, FL 33131
        Tel: (305) 371-6421 Fax: (305) 358-2006

By:    */s/ Roy Black*
        **ROY BLACK, ESQ**.
        Fla. Bar No. 126088

        **HOWARD SREBNICK, ESQ**.
        Fla. Bar No. 919063
        **JACKIE PERCZEK, ESQ**.
        Fla. Bar No. 0042201
        **G. RICHARD STRAFER, ESQ.**
        Fla. Bar No. 389935