UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23148-Civ-Williams

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILIP ESFORMES,

    Defendant.

_____/

**STIPULATED PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court upon the United States' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (DE 4), pursuant to 18 U.S.C. § 1345, filed on July 20, 2016; the Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction, also filed on July 20, 2016 (DE 1); and the Declaration of Special Agent Terence G. Reilly (DE 5). The Court entered a Temporary Restraining Order on July 22, 2016 (DE 11), and after being extended upon agreement of the parties multiple times, it is currently effective through November 16, 2018 (DE 200).

Defendant Philip Esformes, without admitting or denying any of the allegations contained in the complaint and related filings, except that he admits to the Court's jurisdiction over him and over the subject matter of this action, hereby agrees to the entry of this Preliminary Injunction without a hearing, provided that the Court releases from restraint assets in accordance with a Stipulation filed this same date.

Upon consideration of the parties' agreement and the record in this case, and for purposes of this case only, the Court finds that the United States has demonstrated that the allegations, if proven, would be sufficient to establish a basis that:

1. Defendant Philip Esformes has violated and unless enjoined will continue to violate 18 U.S.C. § 1349, 18 U.S.C. § 371, and/or 42 U.S.C. § 1320a-7b and has committed and unless enjoined would continue to commit a federal health care offense through the submission of false and fraudulent claims to the Medicare and Medicaid programs;

2. Defendant has alienated or disposed of property, and unless enjoined could continue to alienate or dispose of property, obtained as a result of a federal health care offense, property which is traceable to such violation, or property of equivalent value.

Based on the foregoing, the Court hereby concludes as follows:

That the requested relief be **GRANTED** and because the United States' motion is based on 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a preliminary injunction in this case.  It is therefore

**ORDERED and ADJUDGED** that the Defendant, his agents, employees, attorneys, and all persons acting in concert and participation with him, including all banking and other financial institutions at which he does business, and all corporate entities over which he exercises control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1. From making or submitting or conspiring to make or submit any claims to the Medicare or Medicaid program or any health care benefit program, as defined in 18 U.S.C. §

24(b), in violation of 18 U.S.C. § 1349, 18 U.S.C. § 371, and/or 42 U.S.C. § 1320a-7b, and from committing any federal health care offense, as defined in 18 U.S.C. § 24;

2. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any moneys or sums presently deposited, or held on behalf of the Defendant, by any financial institution, trust fund, insurance company, or other financial entity, public or private, that are proceeds or profits from the Defendant's federal health care offenses or property of an equivalent value of such proceeds or profits;

3. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, for example, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which the Defendant has an interest, up to the equivalent value of the proceeds of the Federal health care fraud.

4. All prior modifications to the TRO, including those that released certain assets of the Defendant, remain in force and apply equally to this Preliminary Injunction.

This Preliminary Injunction shall remain in force until further Order of the Court, provided, however, that nothing in this Preliminary Injunction shall prevent Defendant from surrendering to the United States any assets frozen by this Preliminary Injunction, if the United States consents to such voluntary surrender.

**DONE AND ORDERED** at Miami, Florida, this _____ day of _____, 2018.

                                                      _____
                                                      KATHLEEN M. WILLIAMS
                                                      UNITED STATES DISTRICT JUDGE

cc: All counsel of record