UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23148-CIV-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILIP ESFORMES,

    Defendant.
_____/

**[PROPOSED] <u>ORDER</u>**

This cause comes before the Court upon the Stipulation as to Entry of Preliminary Injunction and Joint Motion for Release of Certain Funds for Attorney's Fees.  Having considered the motion, the parties' agreement to the entry of a Stipulated PI and the parties' agreement to the release of frozen funds for the purpose of attorney's fees for Defendant Esformes' criminal defense, and being otherwise fully advised, it is hereby

**ORDERED and ADJUDGED** that the parties' Stipulation is **APPROVED**.  A Stipulated PI is being entered by the Court by separate order.  It is further

**ORDERED and ADJUDGED** that the Joint Motion is **GRANTED**, as follows:

1. The Court will release from the scope of the TRO checks in possession of A. Norman Knopf totaling approximately $2.8 million for the sole purpose of criminal defense legal services, including for trial, beginning as of August 27, 2018 (i.e. fees and related expenses) on behalf of Philip Esformes ("Released Funds"). The Released Funds will be deposited in the escrow/trust account of Black Srebnick Kornspan & Stumpf and disbursed in accordance with this Stipulation.  An itemization of the checks prepared by the defense was attached to the parties' Stipulation as Exhibit C.

2. The Court will monitor the use of those funds by monthly submission, on an *ex parte* basis, of invoices for legal services. The government has no objection to the rates set forth in the schedule previously provided to the government by email dated August 21, 2018, for the purpose of this resolution only; the government does not otherwise concede the

    reasonableness of these rates. Once an invoice for legal services as defined in paragraph 1 is approved by the Court, payment may be made from the Released Funds. If the Criminal Case ends with a judgment including forfeiture or restitution, then after the Court approves final payment for legal services through judgment (which may be submitted for approval after the judgment), any remaining Released Funds shall be deposited in the Court's registry, subject to the stipulated PI, and available to satisfy any judgment or order of forfeiture or restitution.

3. Within five calendar days of the entry of this Order, A. Norman Knopf will provide the government with a declaration listing Mr. Esformes' assets, which cannot be used as an admission by Mr. Esformes in any proceeding, but which can be used solely as a stipulation that the listed assets are owned by Philip Esformes for the exclusive purpose of enforcing the Court's Orders in this action and assessing any fine, restitution order, and/or forfeiture in the Criminal Case.

4. If at any point in time Mr. Esformes seeks funds in addition to the funds referenced in paragraph 1, he would need to file a motion with the Court explaining why more fees are reasonable to justify the release of additional substitute assets. The government would have the opportunity to object to any such request.

5. The government does not agree at this time to any release of funds for living expenses, but recognizes Mr. Esformes' right to file a motion to modify the PI for such purpose (and the government's right to object).

6. The preliminary injunction will automatically dissolve, and the civil case will be dismissed with prejudice, upon entry of a final judgment resolving all asset forfeiture and restitution issues in, or dismissal with prejudice of, the Criminal Case.

    **DONE AND ORDERED** at Miami, Florida, this _____ day of _____, 2018.

 

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:    Counsel of record