UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23148-CV-WILLIAMS

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES
_____/

### MOTION TO MODIFY PRELIMINARY INJUNCTION TO RELEASE FUNDS FOR LEGAL FEES AND EXPENSES THROUGH TRIAL

With the parallel criminal trial before Judge Scola now set to begin on February 11, 2019, Case No. 16-20549-RNS, Esformes moves the Court to modify the Stipulated Preliminary Injunction, DE#217, to authorize the further release of assets for the limited purpose of funding his legal defense through trial, consistent with this Court's Order, DE#218:2:¶4, which provides:

> If at any point in time Mr. Esformes seeks funds in addition to the funds referenced in paragraph 1, he would need to file a motion with the Court explaining why more fees are reasonable to justify the release of additional substitute assets. The government would have the opportunity to object to any such request.

### BACKGROUND

1. Upon the return of the original Indictment against Esformes in the parallel criminal case, in July 2016 the government initiated this civil case pursuant to 18 U.S.C. § 1345 and obtained, ex parte, a temporary restraining order (TRO) that

enjoined Esformes from transferring any moneys "that are proceeds or profits from the Defendant's federal health care offenses *or property of an equivalent value* of such proceeds or profits (except as limited by *Luis v. United States*, 136 S. Ct. 1083 (2016)." DE#11:3 (emphasis added).

2. This Court's TRO provided that "any request by the Defendant for the release of assets frozen by this TRO for the purpose of retaining criminal counsel of choice ...will be considered by the Court in accordance with applicable law, including the decision in *Luis*." DE#11:3.

3. In *Luis*, the Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 136 S. Ct. at 1088. "The defendant ... has a Sixth Amendment right to use her own "innocent" property to pay a reasonable fee for the assistance of counsel." *Id*. at 1096 Thus, by its terms, this Court's TRO contemplated that Esformes might seek to release untainted assets (i.e., "property of an equivalent value*"* ) to retain counsel of choice.

4. Since the entry of the TRO in July 2016 through August 2018–a period of approximately 24 months–Esformes did not seek any relief from the restraining order to fund his legal defense, even while the government superseded the indictment three times. Instead, he relied on his father, who advanced the fees and expenses of litigating against the government while Esformes remained pretrial detained. The complexity of the litigation is evident from a review of the criminal docket. Suffice it to say that the

government has described this prosecution as the biggest Medicare fraud case in the history of the United States.

5. Over the course of the 24 months following the entry of the TRO, the parties agreed to extend the TRO, while Esformes moved to dismiss the indictment and disqualify the prosecution team. DE#98. Evidentiary hearings ensued, during which Esformes's counsel of record, Michael Pasano, filed a motion to withdraw from representing Esformes as trial counsel, Crim-DE#689, concerned that he might be needed as a witness. Judge Scola granted that motion. Crim-DE#691. At a status conference in January 2018, undersigned assured Judge Scola that undersigned would be "assuming those responsibilities" even though undersigned had not made a permanent appearance in the case. Crim-DE#769:9-10

6. In July 2018, the government obtained a Third Superseding Indictment that added new charges (e.g., bribery of a university basketball coach to gain Esformes's son admission to the university, bribery of an ACHA official, and false statements), Crim-DE#869, but retreated from its headline-grabbing allegation of $1 billion in fraud, instead shifting focus to allegations of a "massive intricate kickbacks system that underlay the Esformes Network." Crim-DE#1035:4, 16

7. In August 2018, Magistrate Judge Otazo-Reyes issued a Report and Recommendation on Esformes's motions to dismiss and disqualify, finding

prosecutorial misconduct and "deplor[ing] the prosecution team's attempts to obfuscate the record." Crim-DE#899 (August 10, 2018). Thereafter, the parties entered into discussions to resolve this civil proceeding without the need for an injunction hearing. The parties jointly filed a Stipulation as to Entry of Preliminary Injunction and Joint Motion for Release of Certain Funds for Attorney's Fees, DE#216, which the Court adopted on November 13, 2018. DE#218.[1] A six-paragraph companion order provided, in relevant part, that

1. The Court will release from the scope of the TRO checks in possession of A. Norman Knopf totaling approximately $2.8 million for the sole purpose of criminal defense legal services, including for trial, beginning as of August 27, 2018 (i.e. fees and related expenses) on behalf of Philip Esformes ("Released Funds"). ***

2. The Court will monitor the use of those funds by monthly submission, on an ex parte basis, of invoices for legal services. The government has no objection to the rates set forth in the schedule previously provided to the government by email dated August 21, 2018, for the purpose of this resolution only; the government does not otherwise concede the reasonableness of these rates. ***

3. Within five calendar days of the entry of an Order on this Motion, A. Norman Knopf [Esformes's long-time accountant and lawyer]

---

[1] On that same date, Judge Scola entered an order declining to adopt the credibility findings of the Magistrate's Report but still ruled that "the Government may not introduce any tapes in which attorneys are present or any portions of the conversations in which the parties discuss legal strategy as to Esformes's alleged health care scheme." Judge Scola concluded that the government acted "with disregard for potential privilege issues after the Eden Gardens search.*** Although the prosecution team operated in good faith, their execution of their duties was often sloppy, careless, clumsy, ineffective, and clouded by their stubborn refusal to be sufficiently sensitive to issues impacting the attorney client privilege." Crim-DE#975:35, 49.

       will provide the government with a declaration listing Mr. Esformes' assets....

4. If at any point in time Mr. Esformes seeks funds in addition to the funds referenced in paragraph 1, he would need to file a motion with the Court explaining why more fees are reasonable to justify the release of additional substitute assets. The government would have the opportunity to object to any such request.

DE#218:1-2.

8. Since the entry of the Stipulated Injunction and companion Order, A. Norman Knopf timely provided the government with a declaration listing Mr. Esformes' assets. Mr. Esformes's legal team submitted to the Court on an ex parte basis, the monthly invoices for fees and expenses. After payment of the approved invoices through December 2018, there remains $546,886.34 of Released Funds, which will be depleted (with an unpaid balance remaining) if the January 2019 invoices are approved for payment.[2]

9. On January 5, 2019, the government filed its witness list in the criminal case identifying 79 witnesses. Crim-DE#1019. Since then, the government has informed undersigned of others; today the government advised that the co-defendant who pled guilty last week will testify for the government.

10. On January 28, 2019, Judge Scola held a hearing regarding various motions, including Esformes's request for a continuance in light of the government providing

---

[2] The precise total of Released Funds placed in the special Esformes trust account was $2,796,865.50.

recent notice that it intends to present evidence regarding a subset of patients different than those who were identified by the government two years ago. *See* Joint Motion to Exclude Testimony and Argument Regarding Lack of Medical Necessity as to Patients Not Identified in the Third Superseding Indictment, Crim-DE#1013; *see also* Defendant's Response to Government's Motion to Quash and to Limit Discovery, DE#190:8 ("On November 22, 2016, the government served a subpoena on Esformes' skilled nursing and assisted living facilities demanding production of patient medical records for 198 patients. The government explained at a hearing held on April 18, 2017, that those files were the only ones it would introduce at the criminal trial."). Judge Scola denied the continuance. Crim-DE#1064.

11. Thereafter, undersigned counsel notified the government (AUSA Torres and AUSA Elliott) of these circumstances and has proposed that the Government consent to the further release of untainted assets for legal fees and expenses through trial under the same conditions currently in place (i.e., same rates, same approval process). The government has indicated that it will oppose this motion.

### RELIEF REQUESTED

12. Esformes submits that the current conditions for payment of legal fees and expenses from *untainted* assets are "reasonable" within the meaning of *Luis,* given the enormity of this case. By our count there have been more than ten federal prosecutors

and more than twenty federal/state agents who have been working to convict Esformes. The government has listed 79 witnesses for trial. Esformes did not expend any of the restrained assets for the first 24 months of litigation. Esformes seeks to have his legal team compensated for their time in defending him at the trial on the Third Superseding Indictment, on an hourly basis, at commercially reasonable rates that his legal team charges other similarly situated clients–all subject to judicial review prior to payment.

12. Esformes requests that this matter be set for a status conference (hearing) as soon as practical.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 31, 2019, I filed the foregoing document with the Clerk of the Court and all counsel of record using CM/ECF.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
HSrebnick@RoyBlack.com

By: _s/ Howard Srebnick_
**HOWARD SREBNICK**
Fla. Bar No. 919063