UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23148-CV-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILIP ESFORMES,

    Defendant.
_____/

## UNITED STATES' STATUS REPORT FOLLOWING JUNE 7, 2019 HEARING

At the conclusion of the hearing on June 7, 2019, the Court requested that the parties discuss any next steps and provide the Court with an update. Pursuant to that request, the United States files this Status Report.

Defense counsel sent yesterday to the United States summary statements of the time certain lawyers billed representing Defendant Philip Esformes ("Esformes") in his criminal case, including throughout the trial that resulted in his conviction on multiple healthcare-related charges. The summary statements do not describe the work performed on Esformes' behalf but rather only provide hours worked by various attorneys. The summaries are also limited to the timeframe between September 2018 to April 2019 and contain no information about total fees paid to those lawyers since Esformes' arrest in July 2016. The summaries also do not reveal how much in fees have been paid to the other lawyers who have participated in Esformes' criminal defense. In order to undertake any reasonableness analysis, the United States and the Court would need to know how much in attorney's fees has been paid to *all* lawyers representing Esformes in his criminal case since his arrest, from *all* sources. Esformes has objected to providing such information.

Without it, the Court would not be able to assess what is a reasonable fee for Esformes' criminal defense.

The United States reiterates its position that the Court need not engage in a reasonableness inquiry because Esformes has not demonstrated any entitlement to a further release of assets for attorney's fees in this case.  At the hearing on June 7th, Esformes relied on a rewriting of the parties' Stipulation, incorporated into the Court's November 13, 2018 Order (ECF No. 218), as the basis for his request for fees.  As the United States noted at the hearing, Esformes' interpretation of the Stipulation contradicts the terms of the Stipulation itself, which preserved the United States' ability to object, and would lead to an absurd result given the government's agreement to a sum certain rather than to an open-ended amount.  Esformes' interpretation also would contradict the United States' consistent position throughout this Section 1345 case that Esformes is not entitled to an unlimited release of assets for attorney's fees.

Esformes also claimed at the hearing that the government obtained a "benefit" by entering into the Stipulation by avoiding a preliminary injunction hearing.  But any compromise in litigation inures to the benefit of all parties agreeing to the compromise.  Here, the government avoided a preliminary injunction hearing, which may have resulted in certain challenges to the government's later presentation of evidence at the criminal trial.  Esformes obtained the benefit of a release of almost $3 million, a significant benefit that he did not have a clear legal right to obtain because he had already retained multiple attorneys of his choosing.  Moreover, to the extent Esformes is suggesting that he was somehow duped into agreeing to the Stipulation, such a suggestion is nonsensical, given that he is represented by multiple experienced counsel.

At the end of the hearing, Esformes raised the issue of consolidation of this matter before Judge Scola.  He had not argued or briefed this issue in his Motion to Modify Preliminary

Injunction (ECF No 224), or his subsequent Reply (ECF No. 226).  This suggestion should be rejected because *there is nothing to consolidate*.  The only issue in this Section 1345 case – whether or not a preliminary injunction should be entered – was resolved through the parties' Stipulation.  There are no further necessary proceedings in this case, and, as the government has maintained, there is no legal basis for the asset releases Esformes now seeks.  Esformes' suggestion to consolidate this matter before Judge Scola appears to be an attempt at finding an alternative forum for his request.[1]  There is nothing in this matter that needs to be resolved by Judge Scola.  Once Judge Scola decides the issues before him in the criminal case, the sentencing of Esformes including forfeiture and restitution, then Esformes can resolve any private dispute he may have with his attorneys regarding outstanding legal bills.  The parties' Stipulation reflects this understanding by providing that it would remain in place until the "entry of a final judgment resolving all asset forfeiture and restitution issues in . . . the Criminal Case" (ECF No. 218 ¶ 6).

Finally, Esformes informed the United States that the representation he made to the Court at the June 7th hearing – that Esformes had provided to probation all required financial disclosures – was inaccurate.  Thus, even if there were an entitlement to attorney's fees, Esformes also could not establish the "need" prong of the relevant analysis.  *See* United States' Response to Def.'s Mot. to Modify PI, at 7-9 (ECF No. 225).

---

[1] Neither in *Luis* nor in this case has the government sought to place the civil issues in the Section 1345 proceeding before a different District Judge.  The government has litigated those issues before the District Judge randomly assigned to the Section 1345 case upon filing.

Dated:  June 14, 2019                    Respectfully submitted,

                                         ARIANA FAJARDO ORSHAN
                                         UNITED STATES ATTORNEY
                                         Southern District of Florida

                                    By:  *Susan Torres*
                                         SUSAN TORRES (Florida Bar No. 133590)
                                         E-mail: Susan.Torres@usdoj.gov
                                         Assistant United States Attorney
                                         99 N.E. 4th Street
                                         Miami, Florida  33132
                                         Telephone: (305) 961-9331
                                         *Attorneys for United States of America*