UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-23148-KMW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILIP ESFORMES

    Defendant.
_____/

## MOTION TO INTERVENE

The Movant, Sherri Beth Esformes ("Mrs. Esformes"), by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 24(a)(2), hereby moves to intervene in the above-styled matter as of right, and states:

### I.    FACTUAL BACKGROUND

On October 1, 2015, Mrs. Esformes filed her initial Petition for Dissolution of Marriage against the Defendant in Miami-Dade County Family Court. A true and correct copy of the Petition is attached hereto and incorporated herein as Exhibit "A". Shortly thereafter, the Defendant filed his Answer and Counter-Petition to Mrs. Esformes' Petition for Dissolution of Marriage on January 7, 2016. A true and correct copy of the Defendant's Answer and Counter-Petition is attached hereto and incorporated herein as Exhibit "B". Mrs. Esformes filed her Answer to the Defendant's Counter-Petition on February 11, 2016. A true and correct copy of her Answer is attached hereto as Exhibit "C" and incorporated herein. Mrs. Esformes subsequently filed a Verified Urgent Motion for Interim Award of Partial Equitable Distribution ('Urgent Motion") on October 27, 2016. A true and correct copy of Mrs. Esformes' Urgent Motion is attached hereto

and incorporated herein as Exhibit "D". Specifically, Mrs. Esformes' Urgent Motion stated that the Defendant was being prosecuted by the United States of America for various crimes and, therefore, a great deal of the parties' assets had been seized and frozen by a Temporary Restraining Order (the "TRO"). Moreover, the Urgent Motion stated that because the Defendant was incarcerated and, thus, not providing financial support to Mrs. Esformes and their minor child, Mrs. Esformes had depleted substantial assets in her name. A subsequent Order was entered in the Family Court permitting Mrs. Esformes to amend her Petition. A true and correct copy of the Order and Amended Petition are attached hereto and incorporated herein by reference as Exhibit "E".

This divorce proceeding has now been pending for over four (4) years, since October 1, 2015. As a result of circumstances outside Mrs. Esformes' control, the matter has not been concluded. All the while, Mrs. Esformes has been without any control over the marital assets, she has incurred significant financial liabilities, and continues to operate her household finances at a monthly deficit. Thus, Mrs. Esformes seeks to intervene in the above-styled matter, pursuant to Federal Rule of Civil Procedure 24(a)(2), as good cause exists to justify an early equitable distribution award to Mrs. Esformes a minimum of fifty (50) percent of the parties' marital assets prior to October 2015, consistent with Florida Statute §61.075.

II. ARGUMENT

    A. Florida Statute §61.075—Equitable Distribution of Marital Assets and Liabilities

Florida Statute §61.075 provides that "[i]n a proceeding for dissolution of marriage, in addition to all other remedies available to a court to do equity between the parties, or in a proceeding for disposition of assets following a dissolution of marriage by a court which lacked

LAW OFFICES OF LEINOFF & LEMOS, P.A. • 7301 S.W. 57 COURT, SUITE 545 • SOUTH MIAMI, FLORIDA 33143 • 305.661.1556 • FAX 305.665.2555

jurisdiction over the absent spouse or lacked jurisdiction to dispose of the assets, the court shall set apart to each spouse that spouse's nonmarital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors..." A true and correct copy of the statute is attached hereto and incorporated herein as Exhibit "F".

Under Florida Statute §61.075, those assets seized and frozen by the United States government are considered marital in nature. As such, Mrs. Esformes has a legal claim to said assets, if not actually seized by the Government, and the Federal Court or the Family Court should then determine which funds are available for distribution, and then and only then, which funds may be allocated to counsel for the Defendant in the criminal matter, *United States of America v. Philip Esformes*, Case No. 16-23148-CV-WILLIAMS, or others.

B. Federal Rule of Civil Procedure 24(a)—Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right when (1) the application is timely; (2) the intervenor has an interest related to the property or transaction, which is the subject of the action; (3) the intervenor is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the intervenor's interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Mrs. Esformes has satisfied these requirements.

First, the Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely: (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to

move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213). This Circuit has further recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)); *see also Davis v. S. Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 670 (S.D. Fla. 1993) (allowing intervention when, "[a]lthough the case has been pending for more than two years, discovery on the merits has not been completed and dispositive motions have not been filed. As a consequence, there is no indication that this litigation is close to conclusion.").

Second, for an applicant's interest in the subject matter of the litigation to be cognizable under Federal Rule of Civil Procedure 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249; *see also Chiles*, 865 F.2d at 1212-13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 [quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)].

Third, the disposition of the instant litigation may impair Mrs. Esformes' ability to protect her substantial legal interest absent intervention. Specifically, Mrs. Esformes has a direct, substantial, and legally protectable interest in the pending litigation and should be permitted by this Court to intervene, as she will be significantly impacted by the outcome of the Court's ruling,

LAW OFFICES OF LEINOFF & LEMOS, P.A. • 7301 S.W. 57 COURT, SUITE 545 • SOUTH MIAMI, FLORIDA 33143 • 305.661.1556 • FAX 305.665.2555

should it choose to award fees and costs to the Defendant's counsel or others. Specifically, Mrs. Esformes is concerned that past, present, and future payments to the Defendant's counsel have been funded by and will be funded from marital assets, while she has not yet received a distribution in an equal amount. As such, Mrs. Esformes should be permitted to intervene, in order to avoid irreparable harm to her and to protect her interest in the marital assets, which may be adversely affected, if she is not permitted to intervene to secure her interest in the marital assets.

The fourth and final element to justify intervention as of right is inadequate representation of the proposed intervenor's interest by existing parties to the litigation. This element is satisfied if the proposed intervenor "shows that representation of his interest 'may be' inadequate." *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)). The burden is on the proposed intervenor to show that existing parties cannot adequately represent its interest is "minimal." *Stone*, 371 F.3d 1311; *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (citing *Trbovich*, 404 U.S. at 538 n.10). Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action. *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 (11th Cir. 1999); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). The Government appears to be focused on the broadest possible reach of potential assets of the Defendant, as the TRO it obtained does little to protect innocent third-parties such as Mrs. Esformes. Similarly, absent release of funds for his own personal use, the Defendant is focused on his defense of the criminal action and has little concern for the effect of the TRO on Mrs. Esformes. Thus, this factor also weighs in favor of allowing intervention.

These four (4) subfactors weigh heavily in favor of allowing the intervention of Mrs. Esformes. Although Mrs. Esformes learned of the TRO shortly after its entry on July 22, 2016, no

LAW OFFICES OF LEINOFF & LEMOS, P.A. • 7301 S.W. 57 COURT, SUITE 545 • SOUTH MIAMI, FLORIDA 33143 • 305.661.1556 • FAX 305.665.2555

prejudice will be suffered by the Government or the Defendant by allowing Mrs. Esformes to now intervene for the purpose of seeking an early equitable distribution award of her share from martial assets which are in danger of being allocated to third-parties without her consent or participation. The prejudice to Mrs. Esformes is direct and substantial, as the seizure and freezing of the parties' marital assets have a direct impact on Mrs. Esformes' financial status.

### III. CONCLUSION

Applying the above-mentioned factors, Mrs. Esformes' request for intervention meets the Federal Rule of Civil Procedure 24(a)(2) requirements for intervention as of right, since her application to intervene is timely, she has a substantial legal interest in this litigation, the disposition of the instant litigation may impair her ability to protect that interest, and the existing parties do not adequately represent her interests. Mrs. Esformes is without any other legal recourse at this time, and it is significant for the intervention to be permitted to ensure that Mrs. Esformes' interest in the parties' marital assets are protected. Therefore, Mrs. Esformes respectfully requests leave of this Court to intervene in the matter, *United States of America v. Philip Esformes*, Case No. 16-23148-CV-WILLIAMS, to protect her interests accordingly.

LAW OFFICES OF LEINOFF & LEMOS, P.A. · 7301 S.W. 57 COURT, SUITE 545 · SOUTH MIAMI, FLORIDA 33143 · 305.661.1556 · FAX 305.665.2555

United States of America v. Philip Esformes
Case No. 16-cv-23148-KMW

CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(3)

Counsel for Mrs. Esformes certifies that he has conferred with all counsel of record, including counsel for the United States and Philip Esformes. Most counsel did not respond to our letter seeking their consent to the Motion to Intervene. Those that did respond objected to Mrs. Esformes' Motion to Intervene.

By: _____
ANDREW M. LEINOFF, ESQUIRE
Florida Bar No.: 182090
LEINOFF & LEMOS, P.A.
7301 S.W. 57th Court, Suite 545
South Miami, Florida 33143
Tel: (305) 661-1556; Fax: 305-665-2555
Primary:eservice@llpa.com; Dina@llpa.com;
Valerie@llpa.com; Natalie@llpa.com;
Belkis@llpa.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF Portal on March 2, 2020.

_____
ANDREW M. LEINOFF