UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-CIV-23148-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PHILIP ESFORMES,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on non-party Ludens P.A.'s Motion for Clarification ("***Motion***") (DE 276), to which no Party to this matter filed a response.[1] In the Motion, filed on September 10, 2021, Ludens P.A. requests that the Court enter an order clarifying the scope of the Temporary Restraining Order ("***TRO***") (DE 11) entered more than six (6) years ago on July 22, 2016. The Motion follows an earlier motion to intervene filed by Ludens P.A. on November 20, 2019 (DE 252), which the Court denied as untimely on November 22, 2019 (DE 253). The Court will begin by reviewing the relevant procedural history to provide context for this latest motion.

---

[1] The Motion states that counsel for Ludens P.A.:

> Attempted to confer with counsel for the United States and Philip Esformes regarding the relief sought herein beginning via email on July 20, 2021. After a telephone conference on July 21, 2021, the United States took the position that it "does not take any position on [the] motion one way or the other." Howard Srebnick, counsel for Philip, refused to respond to any attempts to confer, including attempts to contact him by phone, where his voicemail states that he "does not retrieve" voicemails.

(DE 276 at 9.)

**I.    BACKGROUND**

This matter commenced on July 20, 2016, when the Government filed the *Ex Parte* Complaint ("**Complaint**") for entry of a temporary restraining order and preliminary and permanent injunction against Defendant Philip Esformes ("**Mr. Esformes**"). (DE 1.) This Complaint was followed by the filing of a criminal matter assigned to the Honorable Judge Robert N. Scola, Jr. ("**Judge Scola**"). *See United States of America v. Esformes et al.*, No. 16-cr-20549-RNS, CDE 1 (S.D. Fla. July 21, 2016) (the "**Criminal Proceeding**" and the Criminal Docket "**CDE**"). The subject TRO—entered on July 22, 2016[2]—stated in relevant part that "Defendant, his . . . attorneys, and all persons acting in concert and participation with him" were restrained from accessing certain assets. (DE 11 at 2–3.) Further, the TRO stated:

> ***[A]ny request*** by the Defendant for the release of assets frozen by this TRO for the ***purpose of retaining criminal counsel of choice, meeting his needs for living expenses, or any other purposes, will be considered by the Court in accordance with applicable law***, including the decision in *Luis v. United States*, 136 S. Ct. 1083 (2016).

(*Id.* at 3 (emphasis added).) In addition, Judge Scola ruled in the Criminal Proceeding that any requests to access funds related to the defense of Mr. Esformes were to be made in *this* proceeding before *this* Court. Judge Scola entered an order on November 21, 2019, holding that any requests by any party to "exempt from restraint and forfeiture . . . property needed to pay legal invoices" are "more ***properly raised before Judge Williams***, who has already entered an order which anticipates additional requests for fees." (CDE 1454 (emphasis added).)

---

[2] The TRO was effective after extension through November 16, 2018. (DE 200.) On November 9, 2018, the Court entered a Stipulated Preliminary Injunction in this matter, which remains effective as of the date of this Order. (DE 217 at 3 ("This Preliminary Injunction shall remain in force until further Order of the Court . . . .").)

As noted above, this Motion is not the first time non-party Ludens P.A. has appeared in this matter. On November 20, 2019, after the TRO in this matter expired, Ludens P.A. filed a motion to intervene (DE 252) asserting that Ludens P.A. provided legal services to Mr. Esformes between November 2016 and September 2018. (*Id.* at 1–3.) The Court denied that motion to intervene as untimely. (DE 253 at 1.)

In this Motion, filed more than five (5) years after the operative TRO was entered and approximately three (3) years after the TRO expired, Ludens P.A. states it can file the Motion "without having to formally intervene in the matter, as there is ample authority that only the Court that issues an order can hold a party in contempt of that order." (DE 276 at 1 n.1.) However, Ludens P.A. does not cite to any authority indicating why it does not have to formally intervene.[3]

In sum, the subject Motion was filed years after the operative TRO was entered and then expired; years after an earlier motion to intervene in this matter was denied; and years after this Court and the court in the related Criminal Proceeding entered orders outlining the proper procedure for obtaining legal fees. Against this backdrop, the Court addresses the untimeliness of the Motion.

II. **DISCUSSION**

Upon review of the Motion and the records in this matter and the Criminal Proceeding, it is clear that the procedure for obtaining legal fees for services rendered to Mr. Esformes was outlined by this Court and Judge Scola in the Criminal Proceeding. In

---

[3] The Court notes, as it did in its order on the motion to intervene (DE 253 at 1 n.1–2), that Federal Rules of Civil Procedure 24(a) and 24(b) permit intervention as of right and permissive intervention on a "timely motion . . . ." Fed. R. Civ. P. 24(a)–(b). In both instances, Ludens P.A. has not shown good cause as to why the motions were not timely filed.

the first instance, Ludens P.A. did not adhere to those procedures in filing its untimely motion to intervene. Now, years later, non-party Ludens P.A. has filed a motion requesting the Court determine whether Ludens P.A. acted in contempt of a now-expired TRO by entering into an engagement agreement for the legal representation of Mr. Esformes on or about November 18, 2016.[4] (DE 276 at 2.) The Court declines to determine the merits of Ludens P.A.'s Motion as it, too, is untimely filed.

Federal Rule of Civil Procedure 60 governs motions for relief from a court judgment or order. Ludens P.A.'s Motion is properly considered a motion for relief from this Court's TRO because it requests that the Court relieve Ludens P.A. of any obligations pursuant to the TRO. Accordingly, the Court construes the Motion as seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(5)–(6). Fed. R. Civ. P. 60(b)(5)–(6). Pursuant to Federal Rule of Civil Procedure 60(c)(1), a "motion under Rule 60(b) must be made within a **reasonable time** . . . ." Fed. R. Civ. P. 60(c)(1) (emphasis added). Given the timeline of this case and in the absence of good cause shown for the delay, the Court finds that Ludens P.A.'s Motion (DE 276) is untimely filed and denies the Motion.

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that non-party Ludens P.A.'s Motion for Clarification (DE 276) is **DENIED** as untimely. The Court notes that this Order may not be considered an adjudication on the merits of Ludens P.A.'s

---

[4] The engagement agreement was amended on or about February 4, 2017. (DE 276 at 2.)

Motion, or a determination of whether Ludens P.A. acted in contempt this Court's TRO (DE 11).

**DONE AND ORDERED** in Chambers in Miami, Florida, this 12th day of September, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE